IN CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | | |
|---|---|---|
| YVETTE M. STRICKLAND | * | |
| 5904 LOWERY LANE | * | |
| UPPER MARLBORO, MD 2072 | * | |
|     PLAINTIFF | * | |
| V. | * | CASE NUMBER: CAL13-22171 |
| JPMORGAN CHASE BANK, NA | * | |
| J.P. Morgan Chase Bank, N.A. | * | |
|   Serve on: | * | |
|     James Dimon, President & CEO | * | |
|     270 Park Avenue, 38th Fl. | * | |
|     New York, NY 10017 | * | |
|     DEFENDANT | * | |

## COMPLAINT

Yvette M. Strickland, by and through her attorney, Geri Lyons Chase, sues JPMorgan Chase Bank, NA, and grounds therefore states as follows:

1. The Plaintiff is the owner of certain real property located in Prince George's County, Maryland, known as 5904 Lowery Lane, Upper Marlboro, Maryland 20772.

2. The Defendant, JP Morgan Chase Bank, NA, is a national banking association doing business in the State of Maryland.

3. The Plaintiff obtained a loan from People's Choice Home Loan, Inc., on the property at Lowery Lane.

4. The Defendant, JP Morgan Chase Bank, NA, purchased some of the loans and other assets of Washington Mutual Bank, and previously advised the Plaintiff that the purchase included the loan made to Plaintiff.

5. The Plaintiff filed a Chapter 13 bankruptcy, Case number 08-13700-WIL, in the United States Bankruptcy Court for the District of Maryland, and as a part of that bankruptcy case, the Plaintiff and the Defendant entered into a Loan Modification and on February 6, 2009, the United States Bankruptcy Court entered a Consent Order Approving Loan Modification, (the "Consent Order")

6. The Consent Order set forth the amount of the unpaid principal balance and provided for the payment of interest only payments for period from 2009 through 2013, and the new maturity date of the note was established as December 1, 2013.

7. The Plaintiff timely made all monthly payments to the Defendant until such time as the Defendant unilaterally and without cause began rejecting those payments.

8. The Plaintiff has been unable to work with the Defendant to reestablish her payments due to delay on the part of the Defendant.

9. The Defendant has a duty to work in good faith with the Plaintiff and its unilateral breach of the loan modification evidenced by the United States Bankruptcy Court's Consent Order of February 6, 2009, was done in bad faith.

10. The Defendant has threatened foreclosure action against the Plaintiff but the Defendant is not the lawful owner of the note and cannot foreclose on the subject property without proof of ownership of the note.

## COUNT ONE – BREACH OF AGREEMENT

11. The Plaintiff incorporates all allegations set forth in paragraphs 1 through 10 as is set forth fully herein.

12. The Defendant breached its agreement, set forth in the Consent Order, by rejecting properly made payments of the Plaintiff.

13. The Plaintiff had fully performed her obligations under the agreement until such time as the breach by the Defendant.

14. The breach of the agreement by the Defendant has caused the Plaintiff to be in default of the agreement and has put the Plaintiff at risk of a foreclosure action.

15. The breach of the agreement by the Defendant was not done in good faith and has caused damage to the Plaintiff.

16. The Plaintiff is at risk of losing her home as a result of the actions of the Defendant.

   Wherefore, the Plaintiff prays:

   a. That this Honorable Court order the Defendant to comply with the Agreement;

   b. That this Honorable Court award damages to the Plaintiff in the amount of $250,000.00,

   c. And such other and further relief as this cause may require.

## COUNT TWO – QUIET TITLE

17. The Plaintiff incorporates all allegations set forth in paragraphs 1 through 16 as is set forth fully herein.

18. The Defendant is not the proper owner of the Deed of Trust Note.

19. The Defendant cannot legally foreclose on the property if it is not the owner of the Deed of Trust Note.

20. The Plaintiff is entitled to evidence of the ownership of the Deed of Trust Note prior to any foreclosure action being commenced against the property.

   Wherefore, the Plaintiff prays:

a. That this Honorable Court declare the owner of the Deed of Trust Note,

b. And for other and further relief as this cause may require.

/s/ Geri Lyons Chase

Geri Lyons Chase
Law Office of Geri Lyons Chase
Attorney for Plaintiff, Yvette M. Strickland
2007 Tidewater Colony Drive, Suite 2A
Annapolis MD 21401
410-573-9004