IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
YVETTE M. STRICKLAND           *
                               *
v.                             *   Civil Action No. WMN-13-2665
                               *
JP MORGAN CHASE BANK, N.A.     *
                               *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

### **MEMORANDUM & ORDER**

Plaintiff Yvette Strickland filed this action in the Circuit Court for Prince George's County on July 31, 2013. The Complaint alleges that in 2009, as part of her bankruptcy proceedings, she and Defendant JP Morgan Chase Bank, N.A. entered into a Consent Order Approving Loan Modification (Consent Order) which permitted her to make interest only payments on her mortgage loan for the period 2009 through 2013. She further alleges that she made all monthly payments as required by the Consent Order until such time as Defendant "unilaterally and without cause began rejecting those payments." Compl. ¶ 7. The Complaint asserts one count for breach of contract and one count to quiet title.

Defendant removed the action to this Court on September 13, 2013, and then filed a motion to dismiss. ECF No. 7. In its motion, Defendant notes that Plaintiff's description of the terms of the Consent Order was "accurate, but incomplete." Id. at 7. Defendant supplies a copy of the Consent Order with its

motion, ECF No. 7-1, and accurately observes that, while the Consent Order did permit interest only payments through 2013, it also provided that "[t]he monthly payment amounts in [the paragraph permitting interest only payments] are subject to change due to interest rate changes and/or escrow adjustments." Id. ¶ d.[1] With its motion, Defendant also submits property tax records which show that property taxes were paid on the property in question for the years 2010, 2011, and 2012.[2] Defendant also points to a provision in the Deed of Trust securing the mortgage loan that required Plaintiff to make escrow payments to Defendant to cover payments for property taxes and homeowner's insurance.[3] Defendant notes that the Complaint fails to allege that it was Plaintiff that paid the property taxes and argues that the only reasonable inference that can be drawn from these facts and that failure is that Defendant paid the property taxes and adjusted Plaintiff's monthly payments accordingly. On this

---

[1] The Court may consider any documents referred to in the complaint and relied upon to justify a cause of action – even if the documents are not attached as exhibits to the complaint. See Fed. R. Civ. P. 10(c); New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am., 18 F.3d 1161, 1164 (4th Cir. 1994).

[2] In considering a motion under Rule 12(b)(6), the Court may also take judicial notice of matters of public record. Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004).

[3] The Deed of Trust was also referenced in the Complaint. Comp. ¶ 18.

basis, Defendant contends that Plaintiff has failed to state a claim for breach of contract.

Defendant also contends that Plaintiff's claim for "quiet title" must fail.  Under Maryland law, the burden of proof in an action to quiet title rests initially on the plaintiff.  A person in "actual peaceable possession of property" may sue to quiet title when "her title to the property is denied or disputed, or when any other person claims ... to own the property ... or to hold any lien encumbrance on it."  Md. Code Ann., Real Prop. § 14-108(a).  In such an action, "the plaintiff, and not the defendant, must prove possession and a legal claim to title <u>before</u> the burden is shifted to the defendant to establish superior title."  <u>Porter v. Schaffer</u>, 728 A.2d 755, 773 (Md. Ct. Spec. App. 1999) (emphasis in original). Because Plaintiff does not allege that she paid her mortgage loan and thereby satisfied the Deed of Trust, Defendant argues Plaintiff has failed to meet her initial burden to establish a quiet title claim.

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  Such determination is a

3

"context-specific task," Iqbal, 556 U.S. at 679, in which the factual allegations of the complaint must be examined to assess whether they are sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating a motion to dismiss, the "Court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Such deference, however, is not accorded to labels and legal conclusions, formulaic recitations of the elements of a cause of action, and bare assertions devoid of further factual enhancement. Iqbal, 556 U.S. at 678.

From Plaintiff's opposition to the pending motion, it appears that Plaintiff does not seriously contend that Defendant was not entitled to make escrow adjustments to Plaintiff's monthly bills. Instead, it appears that her primary contention is that Defendant failed to give her notice of an increase in required payment. After acknowledging that Defendant asserted that it paid the taxes and was entitled to increase the payment for those taxes, Plaintiff posits, "[Defendant] has not asserted that it actually did increase the payment. It has not asserted that the payment was increased to a certain amount on a certain day. It also has not asserted that it notified the Plaintiff of

an increase in payment. . . . Plaintiff, at the appropriate juncture, will testify that she did not receive notice of an increase in payment." Opp'n ¶¶ 7-8.

This claim of lack of notice, however, is not in the Complaint. The Complaint, as it stands, simply alleges that only the payment of interest was required under the Consent Order and that she made all such payments. The former allegation, i.e., that only interest payments were due, however, is belied by the terms of the Consent Order which clearly permitted escrow adjustments. Thus, the premise of Plaintiff's breach of contract claim, as currently framed, fails.

Plaintiff requests, should the Court find that the Complaint as originally filed in state court fails to state a claim for breach of contract, that she be permitted to amend her Complaint. Opp'n ¶ 12. Defendant, in its Reply, concedes Plaintiff's entitlement to amendment of the Complaint and requests that the breach of contract claim be dismissed, with leave to amend. Reply at 3. The Court agrees that permitting Plaintiff to bring her Complaint in line with her actual claim is the proper response at this juncture.

As to the "quiet title" claim, Plaintiff makes no response in her opposition. Therefore, the Court will consider her to have abandoned that claim. See Ferdinand-Davenport v. Children's Guild, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

Accordingly, it is this 7th day of January, 2014, by the United States District Court for the District of Maryland, ORDERED:

1) That Defendant's Motion to Dismiss, ECF No. 7, is GRANTED and that: Count I of the Complaint is DISMISSED, with leave to amend; and Count II of the Complaint is DISMISSED, with PREJUDICE;

2) That Plaintiff shall file an amended complaint on or before January 21, 2014, or this case will be dismissed in its entirety, with prejudice; and

3) That the Clerk of the Court shall transmit this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge