IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YVETTE M. STRICKLAND         *
         *
v.                         *    Civil Action No. WMN-13-2665
         *
JP MORGAN CHASE BANK, N.A.    *
         *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM

Plaintiff Yvette Strickland filed this action in the Circuit Court for Prince George's County. In her Complaint, she alleged that, in 2009, as part of her bankruptcy proceedings, she and Defendant JP Morgan Chase Bank, N.A. entered into a Consent Order Approving Loan Modification (Consent Order) which permitted her to make "interest only" payments on her mortgage loan for the period 2009 through 2013. She further alleged that she made all monthly payments as required by the Consent Order until such time as Defendant began rejecting those payments. Compl. ¶ 7. The Complaint asserted one count for breach of contract and one count to quiet title.

Defendant removed the action to this Court and then filed a motion to dismiss. The Court granted the motion to dismiss, ECF No. 10, finding that Plaintiff had abandoned her quiet title claim and that her breach of contract claim failed, at least as it was framed in the Complaint. The Court noted that the Consent Order provided that Plaintiff's payments were subject to

escrow adjustments and that a fair inference from property tax records would be that Defendant had paid the taxes on Plaintiff's home and adjusted her monthly payments accordingly. The Court also noted that Plaintiff's contention in opposing the motion appeared to be, not that she had paid the taxes herself, but that she was not given any notice of an increase in the required payment to Defendant for escrow adjustments.  That lack-of-notice contention, however, was not included in the Complaint.

The Court granted Plaintiff leave to amend the Complaint, which Plaintiff did on January 21, 2014.  ECF No. 11.  Defendant has now moved for summary judgment, ECF No. 14, arguing that the undisputed evidence shows that Plaintiff did not even make the requisite interest payments during the relevant time period. Thus, to grant judgment for Defendant on Plaintiff's breach of contract claim, the Court need not reach any issues related to escrow adjustments or notice of same.  Plaintiff did not oppose this motion, and the time for so doing has expired.

On a motion for summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that the moving party has the burden of production to show that there is no genuine issue for trial on the issues, claims, or defenses raised in that motion. Fed. R. Civ. P. 56(a).  When the moving party has met that burden, the nonmoving party must come forward with admissible

evidence showing that there is a genuine issue for trial.

Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 586-87 (1986).  "Where the record taken as a whole could

not lead a rational trier of fact to find for the non-moving

party, there is no genuine issue for trial."  Id.

In ruling on a summary judgment motion, all facts and

inferences will be drawn in a light most favorable to the non-

moving party.  Evans v. Techs. Applications & Serv. Co., 80 F.3d

954, 958 (4th Cir. 1996).  The court, however, will not rely on

a party's allegations that lack supporting evidence.  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "[A]

plaintiff may not . . . rest on mere allegations or denials of

his pleadings."  Id. at 259. (citations omitted).

Plaintiff's breach of contract claim is premised on her

contention that she "timely made all monthly payments to

Defendant until such time as Defendant unilaterally and without

cause began rejecting those payments" and that she "fully

performed her obligations under the agreement until such time as

the breach by the defendant."  ECF No. 11 at ¶¶ 7 and 16. The

Plaintiff further contends that Defendant "breached its

agreement, set forth in the Consent Order, by rejecting properly

made payments of the Plaintiff . . ."  Id. at ¶ 15.

The evidence submitted by Defendant, however, demonstrates

that Plaintiff did not make all the required interest payments.

3

Pursuant to the terms of the Consent Order, Plaintiff was to make total interest payments of $27,913.16 for the period January 1, 2009 through November 2, 2010.  See ECF No. 14-3 at 2.  According to the submitted affidavit of one of Defendant's Assistant Secretaries, Lynn Benedict, Plaintiff made payments of only $25,519.00 during that time period.  ECF No. 14-1 ¶ 5. Plaintiff filed no opposition to the motion and, thus, this evidence is undisputed.

It is also undisputed that, where the Consent Order is silent, the relationship between the parties is governed by the terms of the original Deed of Trust which was modified by the Consent Order.  See ECF No. 11 (Am. Compl) ¶ 10.  The Deed of Trust provided that:

> Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future.

ECF No. 14-1 at 18.  Furthermore, under the terms of the Deed of Trust, Defendant's previous acceptance of partial payments did not prevent Defendant from later refusing to accept a subsequent partial payment that did not bring the loan current.  Id.

Thus, the undisputed evidence establishes that Defendant's rejection of Plaintiff's payments was not a breach of the Consent Order and that Defendant is entitled to summary judgment

4

on Plaintiff's breach of contract claim.   A separate order

granting Defendant's motion will issue.



_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: April 30, 2014